UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OSCAR DANTZLER, III**                                           **CIVIL ACTION**

**versus**                                                                  **NO. 14-742**

**STATE OF LOUISIANA**                                     **SECTION: "I" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

On April 6, 2009, petitioner, Oscar Dantzler, III, pleaded guilty to simple burglary under Louisiana law.[1] On June 17, 2009, he was sentenced to a term of twelve years imprisonment; however, that sentence was suspended and he was placed on supervised probation for a term of five

---

[1] State Rec., Vol. I of I, minute entry dated April 6, 2009.

years.[2]  On July 13, 2010, his probation was revoked and he was ordered to serve the sentence originally imposed.[3]

On August 11, 2010, petitioner filed with the state district court a "Motion to Review/Modify Sentence and Reconsider Revocation."[4]  That motion was denied October 6, 2010.[5]

On June 27, 2011, petitioner filed with the state district court a "Motion to Reconsider Sentence and Consider Impact Recommendation."[6]  That motion was denied on June 28, 2011.[7]

On March 14, 2012, petitioner filed with the state district court a "Motion for Recusal,"[8] which he later supplemented on April 10, 2012.[9]  On April 19, 2012, that motion was dismissed when he failed to appear for the hearing scheduled on the motion.[10]

Petitioner then filed with the state district court an application for post-conviction relief on or after July 8, 2012,[11] and a "Motion for Writ of Habeas Corpus, Release of Defendant"

---

[2] State Rec., Vol. I of I, minute entry dated June 17, 2009.

[3] State Rec., Vol. I of I, minute entry dated July 13, 2010.

[4] State Rec., Vol. I of I.

[5] State Rec., Vol. I of I, minute entry dated October 6, 2010.

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I, Order dated June 28, 2011.

[8] State Rec., Vol. I of I.

[9] State Rec., Vol. I of I.

[10] State Rec., Vol. I of I, transcript of April 19, 2012.

[11] State Rec., Vol. I of I.

on May 17, 2013.[12] The court denied relief orally on October 16, 2013,[13] and by written order on October 21, 2013.[14]

On February 20, 2014, petitioner filed with the state district court a "Motion for Writ of Habeas Corpus, Release of Defendant and Defendant's Motion for an Expedited Hearing."[15] That motion was denied on February 28, 2014.[16]

On March 25, 2014, petitioner filed with the state district court a "Motion to Review/Modify Motion for Writ of Habeas Corpus, Release of Defendant and Motion to Reconsideration/Modify Motion for Writ of Habeas Corpus, Release of Defendant."[17] That motion was denied on March 26, 2014.[18]

On March 31, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[19] Although he presents his claims in a disorganized and rambling manner, the gist of his claims appears to be that he was denied due process and the effective assistance of counsel at his

---

[12] State Rec., Vol. I of I.

[13] State Rec., Vol. I of I, minute entry dated October 16, 2013.

[14] State Rec., Vol. I of I, Order dated October 21, 2013.

[15] State Rec., Vol. I of I.

[16] State Rec., Vol. I of I, transcript of February 28, 2014.

[17] State Rec., Vol. I of I.

[18] State Rec., Vol. I of I, Order dated March 26, 2014.

[19] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his application in the prison mailing system on March 31, 2014. See Rec. Doc. 1, p. 15.

probation revocation hearing.  The state filed a response, arguing, *inter alia*, that petitioner's claims are unexhausted and his application is untimely.[20]  Petitioner filed a reply to the state's response.[21]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  Because petitioner has filed no applications whatsoever with that court concerning the state criminal judgment challenged herein, any and all claims he is asserting in this federal proceeding are clearly unexhausted.

That said, it would not be in the interests of justice and judicial economy to dismiss petitioner's federal application without prejudice based on the lack of exhaustion.  Because the application is also clearly untimely, it should instead be dismissed **with prejudice** on that basis. Williams v. Louisiana, Civ. Action No. 12-670, 2012 WL 5932229, at *4 (E.D. La. July 24, 2012), adopted, 2012 WL WL 5932072 (E.D. La. Nov. 26, 2012); Champ v. Cooper, Civ. Action No. 11-

---

[20] Rec. Doc. 6.  Because petitioner's claims are clearly unexhausted and his federal application is obviously untimely, this Court need not, and does not, address the state's alternative arguments in this Report and Recommendation.

[21] Rec. Doc. 9.

2187, 2012 WL 396214, at *3 (E.D. La. Jan. 12, 2012), adopted, 2012 WL 396149 (E.D. La. Feb. 7, 2012); see also Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) ("When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason.  Whether the underlying claims have been exhausted will not change the timeliness of the petition." (citations omitted)).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitions seeking relief pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).  Where, as here, such a petition challenges a judgment revoking probation, the one-year limitations period runs from the date on which probation was revoked.  Irving v. 21st District Court, No. 09-2777, 2009 WL 2883034, at *3 (E.D. La. Aug. 31, 2009) (Africk, J., adopting the recommendation of Wilkinson, M.J.).  As noted, petitioner's probation was revoked on July 13, 2010.  Therefore, in order to be timely, his federal application had to be filed within one year of that date, unless that deadline was extended by tolling.  Id. at 3-4.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

After twenty-eight (28) days elapsed, petitioner tolled the federal limitations period by filing a "Motion to Review/Modify Sentence and Reconsider Revocation" with the state district court on August 11, 2010.  Although that motion was denied on October 6, 2010, tolling continued until November 5, 2010, when petitioner's period expired for seeking review of that denial by the

Louisiana First Circuit Court of Appeal.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004); see Louisiana Uniform Rules of the Courts of Appeal Rule 4-3 (a litigant has thirty days to seek review by a Louisiana Court of Appeal).

Once the limitations period resumed running at that point, petitioner had three hundred thirty-seven (337) days of his federal limitations period remaining.  After an additional two hundred thirty-three (233) days elapsed, he again tolled the statute of limitations by filing a "Motion to Reconsider Sentence and Consider Impact Recommendation" with the state district court on June 27, 2011.  That motion was denied on June 28, 2011, and the federal limitations period then again resumed running thirty days later on July 28, 2011, when his deadline expired for filing a related writ application with the Court of Appeal.  At that point, only one hundred four (104) days of the federal limitations period remained, meaning that he had only until November 9, 2011, to again toll the limitations period or to file his federal application.

Clearly, petitioner is not entitled to further statutory tolling under § 2244(d)(2), in that he had no other "properly filed application[s] for State post-conviction or other collateral review" pending on or before November 9, 2011.  Although he filed other such applications after that date, applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The Court must next consider equitable tolling. The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court is aware that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Here, however, petitioner does not argue that he is actually innocent, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than

- 7 -

November 9, 2011, in order to be timely. His federal application was not filed until on March 31, 2014, and, therefore, it is untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Oscar Dantzler, III, be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this fourteenth day of October, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.